CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/14/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EUGENE MOYLER,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>    Defendant. | Case No.:   6:24CV00050 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Eugene Moyler ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant First Advantage Background Services Corp. ("FA") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to

ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Defendant FA has produced and sold consumer reports concerning Plaintiff's background that wrongfully and/or misleadingly reported Plaintiff's driving history by reporting that Plaintiff had a Driving Under the Influence criminal record that was not accurate.

6. As a result of FA's wrongful reporting, Plaintiff was damaged by, without limitation, loss of employment, suffering harm with regards to employment qualifications, loss of income, and considerable stress and anguish.

## PARTIES

7. Plaintiff is a natural person and resident of the State of Virginia and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant First Advantage, Inc. is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant First Advantage is a Florida corporation that maintains its primary place of business at 1 Concourse Parkway, NE, Suite 200, Atlanta, Georgia 30328. Defendant regularly conducts business in this judicial District and can be served with process by

way of its registered agent, c/o Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Virginia and violated Plaintiff's rights under the FCRA in the State of Virginia as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. In or around December of 2023, Plaintiff applied for a position with Raising Canes ("Employer"). As part of the application, Plaintiff consented to Employer procuring a background consumer report.

12. On or around December 09, 2023, Employer contracted with Defendant First Advantage to purchase a consumer background report on Plaintiff to assess employability.

13. To Plaintiff's shock, the Employer rescinded Plaintiff's job offer due to the results of the background check furnished by Defendant. Specifically, Plaintiff was informed the denial was due to a Driving Under the Influence of Alcohol and Drugs ("DUI") charge from May 09, 2021 on FA's background report.

14. Plaintiff was shocked and confused, as Plaintiff has never been charged with, or convicted for a DUI.

15. Shortly thereafter, Plaintiff ordered his Virginia Department of Motor Vehicles ("DMV") records which confirmed that there is no DUI records on his driving record.

16. Because of the inaccurate information provided to the Employer by Defendant, Plaintiff was denied employment.

17. As a direct result of Defendant's inaccurate reporting, Plaintiff lost out on income. Additionally, Plaintiff has suffered emotional distress and frustration, including humiliation, financial instability, and feelings like she has been defamatorily represented as a convicted felon.

18. It is patently inaccurate and/or materially misleading to report a driving record on Plaintiff's consumer background report that is not attributable to Plaintiff.

19. Upon information and belief, had Defendant not erroneously and inaccurately reported Plaintiff's criminal record on his background report, Plaintiff would not have had his job offer rescinded.

20. Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

21. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off of a consumer report.

22. For example, upon information and belief, Defendant allowed inaccurate driving offenses to appear on Plaintiff's consumer report without first confirming the accuracy with the actual court records, which are readily and publicly available.

23. Defendant regularly seeks out and procures criminal case information with the intention of including it in the consumer reports it sells for profit.

24. Defendant knows or has reason to know the effect of a consumer's criminal record on the assessment of their employability.

25. Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

26. Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy

27. Defendant, a sophisticated employment screening consumer reporting agency, is aware that criminal information is often inaccurate or incomplete.

28. Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

29. Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

30. Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

31. Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

32. Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate criminal records.

33. Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

34. Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

35. Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

36. Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports.

37. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

38. Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

39. Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

40. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

41. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

42. Defendant knows that its services are used to make significant consumer decisions.

43. Upon information and belief, Defendant know or should have known that employers make decisions on employment decisions on employment status based solely on the information contained in its consumer reports.

44. Upon information and belief, Defendant knew or should have known the negative impact that reporting a consumer's inaccurate criminal record was likely to have on that consumer's employment status.

45. Upon information and belief, Defendant purchases public record information from third-party vendors.

46. Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

47. Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

48. Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

49. Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

50. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

51. After having his job offer rescinded, Plaintiff on multiple occasions disputed the inaccurate reporting by emailing FA. In these disputes, Plaintiff attached a copy of his drivers license and the DMV records.

52. Instead of investigating Plaintiff's dispute, FA informed Plaintiff that he needed to reach out to a third-party company called "Samba Safety."

53. Pursuant to the FCRA, FA had a duty to conduct a reasonable investigation of Plaintiff's dispute, which they failed to do.

54. As a direct result of Defendant's conduct, Plaintiff was denied employment with Raising Canes.

55. As a direct result of Defendant's conduct, Plaintiff lost out on income from Raising Canes from December 2023 to present.

56. As a further direct result of Defendant's conduct, Plaintiff suffered mental distress, including humiliation, embarrassment, defamation, frustration and significant defamatory harm to his reputation.

57. As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: job denial, loss of income, wasted time, financial insecurity, and emotional distress, including but not limited to, humiliation, embarrassment, stress, and frustration.

58. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

59. Alternatively, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

60. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## CAUSES OF ACTION

### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e

61. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

62. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

63. FA violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

64. Specifically, FA willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting driver history with his license as surrendered when it was instead, valid.

65. FA's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

66. FA is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

67. As a result of FA's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II
### Violation of the FCRA, 15 U.S.C. § 1681i

68. Plaintiff incorporates by reference all the preceding allegations as though fully set forth herein.

69. At all times pertinent hereto, Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(c).

70. The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph(5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a) (emphasis added)

71. Plaintiff initiated multiple disputes with Defendant requesting that they correct his driver history information. In support of these disputes, Plaintiff provided documentation confirming the inaccuracy of his report.

72. Defendant received Plaintiff's disputes.

73. However, Defendant never adequately investigated the Plaintiff's disputes, as required by the FCRA.

74. Instead, Defendant, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

75. As a direct and proximate result of Defendant's refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

76. FA's violations of the §1681i were willful. Therefore, FA is liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681n

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: October 14, 2024

By: /s/ Aryeh E. Stein
Aryeh E. Stein, # 45895
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
443-326-6011 (phone)
410-782-3199 (fax)
astein@meridianlawfirm.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
Pro Hac Vice Motion Forthcoming